THE CENTRAL SAVINGS INSTITUTION, PLAINTIFF, *v.* THOMAS R. WALKER AND ANOTHER, IMPLEADED, ETC., DEFENDANTS.

*Dissolution of corporation — liability of directors on notes subsequently made.*

This action was brought upon a promissory note, dated June 3, 1867, made by one of the defendants as agent of the Utica Steam Woolen Mills Company, a corporation whose charter had expired by statutory limitation on February 27, 1866, in ignorance of which fact the business had thereafter been carried on by the trustees as usual. This action was brought against certain of the stockholders, the plaintiff claiming that they were liable as copartners for the debts contracted after the expiration of the charter. *Held*, that the action could not be maintained ; that the business must be deemed to have been carried on by the directors acting as trustees, and that persons dealing with the said officers must be considered as contracting with them in their representative capacity. and as relying upon their responsibility in such capacity.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit ordered by the court.

The plaintiff was a savings bank in Utica, created by chapter 265, Laws of 1851. The Utica Steam Woolen Company was originally a corporation created under the general manufacturing law, passed March 22d, 1811 (2 R. S. [5th ed.], 652), by the filing of a certificate in writing in the office of the secretary of State, on February 27, 1846. The Utica Steam Woolen Company continued its business for the allotted term of its existence, viz., twenty years ; and, after the expiration of that term, to wit, after February 27, 1866, continued doing business the same as before, buying, selling, manufacturing, borrowing money and contracting debts. The defendants in this action were, on February 27, 1866, stockholders, and retained their interest in the company until it failed in 1869. In July, 1866, the company declared a dividend, and in August, 1866, the dividend was paid to the defendants, who received it as such. On four occasions after February 27, 1866, in the years 1866 and 1867, both before and after the dividend was paid, the company borrowed money of the plaintiff, amounting in the aggregate to $16,000, for which they gave four notes, two of $5,000 each, and two of $3,000 each, which have never been paid ; and this action

is brought against the defendants, as copartners, to recover one of these sums of $3,000. The defendant McQuade was one of the trustees of the company. Both defendants knew the business was being continued after February 27, 1866. This action was commenced in March, 1873, and, after the commencement of this action, the savings bank failed and went into bankruptcy, and this action is prosecuted on behalf of the assignees in bankruptcy.

*J. R. Swan, Jr.,* for the plaintiff. After the 26th day of February, 1866, the association continued a corporation or became a copartnership. (Story on Part., § 77; Collyer on Part., § 1078.) After the 26th day of February, 1866, the association did not continue a corporation. (*National Bank of Watertown* v. *Landon,* 45 N. Y., 410; Angell & Ames on Corp., § 778, *a; Lagrange, etc., R. R. Co.* v. *Rainey,* 7 Coldw. [Tenn.], 420; *Merrill* v. *Suffolk Bank,* 31 Me., 57; *Com. Bank* v. *Lockwood,* 2 Harrington [Del.], 8; *May* v. *State Bank,* 2 Rob. [Va. Ct. of App.]; *White* v. *Campbell,* 5 Humph. [Tenn.], 38; 11 Geo., 459.) Not only the stockholders, but all persons were bound to know the law under which the corporation was created. It is a general law. (*Dutchess Co. Manuf.* v. *Davis,* 14 Johns., 238.) All persons had notice of the certificate of incorporation. It is a matter of public record. (14 Johns., 238.) The defendants are liable as partners to third persons who are creditors of the company. (3 Kent, 26; see, also, Story on Part., 82, § 54; Collyer on Part., 34, note *e; Parsons on Part., 69; Greenl. on Ev., § 482; *Grace* v. *Smith,* 2 Wm. Bl., 998; *The M. B. and M. Co.* v. *Sears,* 45 N. Y., 797; *Thompson* v. *Brown,* 4 Johns. Ch., 619.) The defendants are copartners *inter se.* (3 Kent, 23, 27; *Ontario Bank* v. *Hemmens,* 48 N. Y., 545.) After the dissolution the defendants allowed their share of the assets to remain in the business. The interest, then, of the several stockholders became equitable rights to a proportionate share of the assets, after payment of the debts. (*James et al.* v. *Woodruff et al.,* 2 Denio, 574; affirming S. C., 10 Paige, 541.)

*F. Kernan,* for the defendants. Neither Walker nor any other owner of scrip for stock in the corporation is personally liable for the debt contracted by Clogher, in its name, after February 27th,

1866. Neither in fact nor in law, was he a partner in the business carried on in the corporate name after that date, or liable as such. A person cannot be made a partner without knowledge, consent, or an agreement on his part. (Story on Part., § 3; id., §§ 2, 3, 5, 32; *Baldwin* v. *Burrows*, 47 N. Y., 199, 206; *Livingston* v. *Lynch*, 4 Johns. Ch., 573, and op. of chancellor, 591, 592, 593, 599; 3 Kent, 27 [11th ed.], [m. p.] 25; *Hazard* v. *Hazard*, 1 Story's C. C., 371; *Chase* v. *Barrett*, 4 Paige, 148; *Porter* v. *McClure*, 15 Wend., 187; *Nat. Bank of Watertown* v. *Landon*, 45 N. Y., 410, 412, etc.) The fact that persons, by operation of law or otherwise, become tenants in common or joint tenants of property, does not make them copartners or responsible for each other's acts in reference to the property. (Story on Part., *supra*, § 3; 47 N. Y., *supra*; 4 Johns. Ch., *supra*.) Before the expiration of the charter, the property was owned by the corporation. The stockholders had no title to it. The stockholders owned in severalty a species of property created by the statute, called scrip or stock. (3 R. S., *supra*, 222, § 7; *City of Utica* v. *Churchill*, 33 N. Y., 161, 237–239; *Queen* v. *Arnaud*, 9 Adol. & El. [N. S.], 806.) Upon the expiration of the charter, the property passed to the then directors of the corporation, as " trustees of the creditors and stockholders of the corporation." The stockholders did not become tenants in common or copartners. (2 R. S. [5th ed.], 597, § 9; *Mickles* v. *Rochester City Bank*, 11 Paige, 119, 128.) On the facts in this case, " The Utica Steam Woolen Company " was a corporation *de facto* at the time the debt in question was contracted. The plaintiff contracted with it and credited it as a corporation. The plaintiff gave no credit, and did not rely on the individual responsibility of the defendant Walker, and he will not be permitted now to allege that this company was not a corporation, and to hold the stockholders, as partners, responsible for the debt. (*The Dutchess Co. Manuf. Co.* v. *Davis*, 14 Johns., 239; *White, Recr.,* v. *Ross*, 15 Abb. Pr., 66, decision of Court of Appeals; *Meth. Epis. Church* v. *Pickett*, 19 N. Y., 482, 485, 486; *Eaton* v. *Aspinwall*, 19 id., 119, 121; *Lowry* v. *Inman*, 46 id., 125, per ALLEN, J.)

E. DARWIN SMITH, J. :

This action is for the recovery of the amount of a promissory note of $3,000, signed by Peter Clogher, one of the defendants, as agent for the Utica Steam Woolen Mills Company, dated June 3, 1867. The charter of the said Woolen Mills Company, under the general manufacturing act, expired by limitation of the statute, on the 27th of February, 1866. Upon the expiration of the charter of said corporation, the title to its property and the control of its affairs vested in the directors of said company, as trustees, under the provisions of the Revised Statutes in respect to the general powers and liabilities of corporations. (Sec. 9, tit. 3; chap. 18, vol. 2, p. 660.) These trustees took said property for the benefit of the creditors and stockholders of the said corporation, to settle its affairs, and collect and pay its debts, and divide among the stockholders the moneys and other property that should remain after payment of its debts. The stockholders had no individual rights in respect to said company, except to receive their *pro rata* share of its assets, after payment of its debts.

The business carried on by the officers and agents of said corporation, after the expiration of its charter, must, I think, in law, be deemed carried on by and under the authority of the directors of said corporation, acting in the capacity of trustees. Persons dealing with said officers must be deemed to have had knowledge of the actual status of said trustees and of such officers, and must be considered as contracting with such trustees in their representative capacity, and to have relied upon their responsibility in such capacity. These trustees were in no sense partners, nor was the relation of the stockholders of said corporation *inter se* changed from that of stockholders to that of partners. In respect to the business transacted by the officers of said company after such expiration of its charter, it was in effect, as I conceive, substantially the same as if said company had continued in lawful existence, or, supposing themselves to be duly incorporated, the stockholders, through their customary and proper officers, were exercising the franchises of a corporation, with the rights and immunities of a corporation *de facto*. The stockholders of said corporation never formed or entered into any copartnership. They never agreed to put their money or credit into any copartnership business.

Copartnerships do not arise by operation of law. They are creatures of express agreement, where two or more persons voluntarily contract to place their money, effects, labor, skill and credit, or some or all of them, in lawful commercial business, with the understanding that there shall be a communion of the profits thereof between them. (Story on Partnership, § 2, p. 4.) Actual intention is requisite to constitute a partnership *inter se.* (3 Kent Com., 28 ; *Hazard* v. *Hazard*, 1 Story C. C., 371.) In Story on Partnership (§ 3), it is said that, "a partnership is founded in the voluntary contract of the parties, as contradistinguished from the relations which may arise between the parties by mere operation of law, independent of such contract."

These defendants are clearly not liable in this action as copartners. They became stockholders in the woolen company, a corporation duly incorporated. They never voluntarily changed that relation to each other, or intended to assume any other liability, as between themselves, or toward the public. They never held themselves out as partners, and never in fact, it appears, knew that their charter had expired till their company was put into bankruptcy.

I do not see any principle upon which these defendants, upon the facts as they appeared at the trial, could have been held liable to the plaintiff in this action, and think the nonsuit at the Circuit was properly granted, and that a new trial should be denied.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

New trial denied, and judgment ordered on the verdict.

The case of *Fuller* v. *Rowe* (57 N. Y., 23), where it is laid down by GRAY, C., as a conceded rule of law, "that parties assuming to act in a corporate capacity without a legal organization as a corporate body, are liable as partners to those with whom they contract," does not appear to have been brought to the attention of the court on the argument of the present appeal. — [REP.